948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester G. DICKERSON, Plaintiff-Appellant,
v.
John JABE; Gerald Hofbauer; Chris Daniels, Defendants-Appellees.
 No. 91-1792.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Chester G. Dickerson, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Dickerson sued three officials of the Michigan Department of Corrections in their individual capacities. He alleged a violation of his first, eighth and fourteenth amendment rights. Specifically, he alleged violations of his right: (1) to access to the courts; (2) to decent living conditions; (3) to his personal property; and (4) to his due process rights when he was confined in administrative segregation for approximately ten months (December 10, 1987 to October 7, 1988) without a hearing.
 
 
 4
 A magistrate judge considered all of Dickerson's claims and in an eighteen page report, recommended granting the defendants' motion to dismiss or in the alternative, motion for summary judgment on Dickerson's first three claims. On Dickerson's last claim, the magistrate judge recommended granting Dickerson's motion for summary judgment, finding that the defendants violated his due process fourteenth amendment rights by transferring him to administrative segregation in December 1987 without affording him a hearing. On June 28, 1991, the district court judge accepted in part and rejected in part the magistrate judge's findings. The district court judge granted the defendants' motion for summary judgment on all issues. After the district court entered its judgment, Dickerson filed a brief in opposition to the defendants' motion to dismiss. He then filed a timely notice of appeal.
 
 
 5
 On appeal, Dickerson abandoned his first three claims and reasserted his fourteenth amendment claim.
 
 
 6
 The district court properly granted the defendants' motion for summary judgment. A grant of summary judgment should be affirmed only where there exists no genuine issue of material fact and movants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 Upon review, we conclude that Dickerson has abandoned, on appeal, three issues which he raised before the district court. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 In his brief, Dickerson only alleged that his fourteenth amendment due process rights were violated when the defendants did not hold a hearing in December 1987 before placing him in administrative segregation. He did not allege a violation of his right to access to the courts, to decent living conditions and to his personal property. Therefore, these three claims are not reviewable on appeal.
 
 
 9
 With regard to Dickerson's administrative segregation claim, he has no inherent constitutional right to remain free of administrative segregation, Hewitt v. Helms, 459 U.S. 460, 468 (1983), or to any particular security classification within a prison. Montanye v. Haynes, 427 U.S. 236, 242 (1976). However, the state of Michigan has created a protected liberty interest in being free of administrative segregation without first being given a hearing. See Riley v. Johnson, 528 F.Supp. 333, 341 (E.D.Mich.1981); Mich.Admin.Code R. 791.4405. In Hewitt, 459 U.S. at 476, the Supreme Court found that a state-created liberty interest cannot be deprived unless the inmate receives notice of the reasons for the transfer and an opportunity to present his views to the prison official(s) charged with deciding whether to transfer him to administrative segregation.
 
 
 10
 In July 1987, Dickerson was placed in administrative segregation at the State Prison of Southern Michigan due to a history of assaultive behavior on the correctional staff and for possession of dangerous contraband, specifically weapons. In November 1987, Dickerson was approved to be released to maximum custody within the prison, but when asked to leave administrative segregation, Dickerson refused. He told prison authorities that he had an enemy in the cellblock to which he was being transferred, yet there was no prison record of any such enemy and Dickerson refused to identify this person to prison officials. As a result, he chose to remain in administrative segregation.
 
 
 11
 On December 10, 1987, transfer orders were approved for Dickerson which recommended a transfer to the Marquette Branch Prison as a general population case. Once he was transferred to Marquette Branch Prison, Dickerson refused to appear before a security classification committee. The committee determined that Dickerson did not belong in the general population and that he was properly housed in administrative segregation. He was transferred back to the State Prison of Southern Michigan because the Marquette Branch Prison had no available administrative segregation cells. When he was sent back to the State Prison of Southern Michigan, Dickerson was again placed in administrative segregation, where he remained until October 1988.
 
 
 12
 Dickerson argues that his due process rights were violated because he was supposed to be placed in the general population in December 1987 but was transferred back into administrative segregation at the State Prison of Southern Michigan without a hearing. However, Dickerson essentially never left administrative segregation even though his transfer orders indicated he was a general population case. The security classification committee at Marquette Branch Prison found that Dickerson was appropriately placed in administrative segregation, so he was properly placed back in administrative segregation when he returned to the State Prison of Southern Michigan. Because Dickerson effectively never left administrative segregation, the defendants were not required to hold a hearing to insure Dickerson's due process rights. Thus, he has failed to demonstrate a violation of his fourteenth amendment rights.
 
 
 13
 Accordingly, Dickerson's motion to proceed in forma pauperis is denied as moot, his request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation